**FILED**

JUN 1 2 2014

~~CLERK~~

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RANDY CLOSS, | * | CIV 13-4059-RAL |
| | * | |
| Petitioner, | * | |
| | * | |
| vs. | * | ORDER GRANTING MOTION |
| | * | TO DISMISS PETITION AND |
| RIC COMPTON and | * | JUDGMENT OF DISMISSAL |
| MARTY JACKLEY, South Dakota | * | |
| Attorney General, | * | |
| | * | |
| Respondents. | * | |

Petitioner Randy Closs, on May 28, 2013, filed a Petition for Writ of Habeas Corpus

under 28 U.S.C. § 2241. Doc. 1. In the Petition, Closs challenged his involuntary mental health

commitment to the Human Services Center in Yankton, South Dakota. Doc. 1 at 2. This Court

granted Closs the ability to proceed in forma pauperis and ordered the Respondents to answer.

Doc. 4. The Respondents' filed an Answer seeking dismissal of the Petition. Doc. 8. The

Respondents also filed a Brief in Support of Answer to Petition for Writ of Habeas Corpus,

explaining that Closs had not exhausted state remedies and requesting that the matter be

dismissed without prejudice. Doc. 10.

Closs did not respond to the answer, the brief, or the requests for dismissal. On

November 27, 2013, this Court filed an Order stating in part:

> Respondents set forth what appears to be good reasons for
> dismissal of the Petition. Petitioner has not filed any reply. This
> Court thus is unsure whether Petitioner contests the information
> in Respondents' Answer and Brief or whether Petitioner believes
> there still remains some valid ground for grant of his Petition.
> Therefore, for good cause, it is hereby
> ORDERED that Petitioner shall have until December 20,
> 2013, within which to file and serve any Reply to the Answer and
> Brief, if he wishes to do so. It is further

ORDERED that the Clerk of Court mail a copy of this Order, together with Respondents' Answer, Brief, and supporting materials, Doc. 8, Doc. 10, and Doc. 11, with attachments, to Petitioner forthwith.

Doc. 13. Closs is now more than five months past the deadline that this Court set for any reply.

Closs has raised one issue in his § 2241 petition in this case—whether he has been properly committed and held as a mentally ill individual at the South Dakota Human Services Center. Doc. 1. The filings of record in this Court indicate that Closs is presenting this very issue in state court in South Dakota and has not completed presentation of this issue to state court. That is, the issue Closs seeks to raise in his § 2241 petition remains pending in South Dakota courts and is not exhausted.

A federal court may not consider a state inmate's claim for habeas corpus relief unless the petitioner has first exhausted his state court remedies. Thielsen v. Weber, No. 10-CIV-1029-RAL, 2012 WL 844704, at *2 (D.S.D. March 12, 2012). In other words, the "state courts [must have] an opportunity to act on [the petitioner's] claims before he presents those claims to a federal court in a habeas petitioner." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The exhaustion doctrine is designed to protect the state courts' role in enforcing federal law and to prevent the disruption of state judicial proceedings. Rose v. Lundy, 455 U.S. 509, 518 (1982). The Rose case directs federal courts to dismiss, generally without prejudice, habeas corpus petitions that have unexhausted claims that should be brought first in state court. Id. at 520-22. As the Respondents note, there is an exception to Rose under Rhines v. Weber, 544 U.S. 269 (2005), when a court should stay an unexhausted habeas petition and hold it abeyance. However, the "limited circumstances" for stay and abeyance recognized in Rhines do not apply here. See

2

id. at 277. Closs is proceeding with the same claim in state court, so there exists a tolling of the one-year statute of limitations under the Anti-Terrorism and Effective Death Penalty Act (AEDPA). See 28 U.S.C. § 2244(d)(2). Moreover, under South Dakota law, there must be a new determination of continued mental illness detention annually after which a person in the position of Closs would have a new claim. SDCL 27A-10-14.

Closs has not contested any of the arguments of the Respondents. A federal habeas corpus action may be available to Closs, but only after he has exhausted his state court remedies. At this point, it appears from Closs's silence in this case either that he recognizes that he must first exhaust his state court remedies or that he has lost interest in pursuing this case. Closs has not filed a reply within the time that this Court ordered for him to do so, and indeed has filed no pleadings in this case since his initial filings on May 28, 2013. Therefore, for good cause, it is hereby

ORDERED, ADJUDGED AND DECREED that Respondents' request for dismissal without prejudice is granted, that this case is dismissed without prejudice to Closs refiling when he has exhausted state court remedies if he wishes to do so, and that judgment hereby enters under Rules 54 and 58 of the Federal Rules of Civil Procedure in favor of the Respondents.

Dated June 12th, 2014.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE

3